UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

QUINTIN TRAVEY JONES,

Defendant.

CRIMINAL ACTION NO.

1:23-CR-52-SEG-JKL

**O R D E R**

This matter is before the Court on the Magistrate Judge's Report and Recommendation, (Doc. 36), in which the Magistrate Judge recommends denying Mr. Jones's motion to dismiss the indictment (Doc. 30).  Mr. Jones filed objections to the Report and Recommendation. (Doc. 38.)   After due consideration, the Court enters the following Order.

## I.    Background

On January 6, 2023, Quintin Travey Jones was arrested after it was alleged that he had discharged a firearm in public.  (Doc. 1 at 5; Doc. 2; Doc. 7 at 3.)   On January 11, 2023, an order of detention issued.  (Doc. 7.)   On February 8, 2023, Mr. Jones was indicted for one count of possessing a firearm in violation of 18 U.S.C. § 922(g)(9). (Doc. 12.)   Specifically, the indictment alleged that Defendant knowingly possessed a 9mm Luger Highpoint pistol,

despite knowing that he had been convicted of the following misdemeanor crimes of domestic violence (as defined by 18 U.S.C. § 921(a)(33)):

- assault, domestic, bodily injury in the General Sessions Court of Davidson County, Tennessee, on or about March 5, 2014, and

- assault domestic, bodily injury in the General Sessions Court of Davidson County, Tennessee, on or about June 10, 2014.

(Doc. 9.)  On June 23, 2022, the United States Supreme Court decided *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  On August 21, 2023, Mr. Jones filed his motion to dismiss.  On October 20, 2023, following briefing, the Magistrate Judge entered a Report and Recommendation.  On November 3, 2023, Mr. Jones filed objections to the Magistrate Judge's Report and Recommendation.  (Doc. 38.)

## II.   Legal Standard

A litigant challenging a report and recommendation issued by a United States Magistrate Judge must file "specific" written objections to the proposed findings and recommendations.  *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009); Fed. R. Crim. P. 59(b)(2).  The district court must consider de novo any objection to the Magistrate Judge's recommendation.  *See* 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990); Fed. R. Crim. P. 59(b)(3).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

## III.   Discussion

The Second Amendment to the United States Constitution establishes the right to bear arms: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.

Mr. Jones argues that 18 U.S.C. § 922(g)(9) violates the Second Amendment, and that the indictment must therefore be dismissed.  (Doc. 30). The Magistrate Judge disagreed.  First, he reasoned that in *United States v. White*, the Eleventh Circuit considered § 922(g)(9) in the wake of *District of Columbia v. Heller*, 554 U.S. 570 (2008), and affirmed its constitutionality.  *See United States v. White*, 593 F.3d 1199 (11th Cir. 2010).  Applying the prior-panel-precedent rule, the Magistrate Judge concluded that *White* was not abrogated by *Bruen* and that its holding controls here.  Second, the Magistrate Judge found that even if *White* does not foreclose Mr. Jones's Second Amendment challenge, § 922(g)(9) remains constitutional under a *Bruen* analysis.  Applying *Bruen*'s two-part test, the Magistrate Judge assumed without deciding that Mr. Jones satisfied *Bruen*'s threshold showing that the text of the Second Amendment covered Mr. Jones's conduct charged under §

3

922(g).  In the second step, however, the Magistrate Judge concluded that the Government met its burden of showing that § 922(g)(9) is consistent with the historical tradition of firearm regulation in this country.  (Doc. 36 at 12-19.)

Mr. Jones objects to the recommendation, arguing, *inter alia*, that "*White* is obsolete" after *Bruen* (Doc. 38 at 1); *White* "did not come remotely close" to providing "an in-depth historical analysis" (*id*. at 2); and *Bruen* requires evidence that there is a well-established and historically similar analogue to § 922(g)(9) (*id*. at 3).  Defendant objects to the finding that *White* forecloses the Second Amendment challenge.

Having conducted the necessary review of the Report and Recommendation, the Court agrees with the Magistrate Judge's reasoning and concludes that he reached the right result.

In *White*, a panel of the Eleventh Circuit Court of Appeals rejected a post-*Heller* constitutional challenge to § 922(g)(9), concluding that the statute was a presumptively lawful and longstanding prohibition on the possession of firearms and therefore did not violate the Second Amendment.  *White*, 593 F.3d at 1206 ("We see no reason to exclude 922(g)(9) from the list of longstanding prohibitions on which *Heller* does not cast doubt."); *see also United States v. Brown*, 822 F. App'x 878, 884 (11th Cir. July 21, 2020) (citing *White* and finding

that "[u]nder binding circuit precedent, applying § 922(g)(9) to [defendant] does not violate the Second Amendment.").

Under the prior-panel-precedent rule, this Court must follow a binding Eleventh Circuit decision unless the Eleventh Circuit overrules it en banc or it is overruled by the Supreme Court. *See Scott v. United States*, 890 F.3d 1239, 1257 (11th Cir. 2018); *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). For an intervening decision of the Supreme Court to overrule a decision of an Eleventh Circuit panel, "the Supreme Court decision must be clearly on point." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003). It must further "'actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel.'" *Stanley v. City of Sanford, Fla.,* 83 F.4th 1333, 1338 (11th Cir. 2023) (quoting *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009)); *see also Smith v. GTE Corp.,* 236 F.3d 1292, 1301-03 (11th Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time.").

At issue in *Bruen* was a law regulating an individual's ability lawfully to carry a firearm outside the home; it concerned the Second Amendment rights of "law-abiding, responsible citizens." *Bruen*, 142 S. Ct. at 2125, 2134, 2156.

Section 922(g)(9), in contrast, contemplates that a person has a conviction of a "misdemeanor crime of domestic violence," which by definition is a criminal offense that has as an element "the use or attempted use of physical force, or the threatened use of a deadly weapon."[1]  Beyond the factual dissimilarities of the two cases, the panel in *White* did not engage in the now-rejected, means-end scrutiny analysis that *Bruen* repudiated in favor of a consideration of the Second Amendment's text and historical understanding.  For these reasons, the Court cannot find that the *Bruen* decision is "clearly on point" or that it actually abrogates the holding in *White*.

The Court accordingly concludes that *White* remains controlling precedent in the Eleventh Circuit.  *See, e.g., United States v. Williams*, No.

---

[1] The term "misdemeanor crime of domestic violence" means, subject to certain exceptions, an offense that

(i) is a misdemeanor under Federal, State, Tribal, or local law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or by a person who has a current or recent former dating relationship with the victim.

18 U.S.C. § 921(33)(A).

121CR00362LMMLTW1, 2022 WL 17852517 (N.D. Ga. Dec. 22, 2022) (finding that *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), a decision that applied *Heller* in upholding the constitutionality of the felon-in-possession statute, remained good law after *Bruen*).  Whether *White* was undermined by *Bruen* to the point of abrogation is a question not for this Court but for the Supreme Court or the Eleventh Circuit.  *See United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).

Even if *White was* abrogated by *Bruen*, the Court would not dismiss the indictment here, for appropriate, historical analogues to § 922(g)(9) can be identified.  For example, the Statute of Northampton provided that "no Man … [shall] come before the King's Justices … with force and arms, nor bring no force in affray of the peace …."  2 Edw. 3, ch. 3 (1328).  England's Militia Act of 1662 empowered officers of the Crown to disarm persons considered "dangerous to the Peace of the Kingdom."  14 Car. 2, c. 3, § 13 (1662).  *Bruen* "recognized that various colonial-era and antebellum laws restricted the rights of 'Affrayers, Rioters, Disturbers, or Breakers of the Peace' to bear arms." *United States v. Childs*, No. 122CR00327LMMLTW1, 2023 WL 6845830, at *4 (N.D. Ga. Oct. 16, 2023) (quoting *Bruen*, 142 S. Ct. at 2142-45, 2150, 2152). Justice Barrett, while on the Seventh Circuit Court of Appeals, wrote that "English and early American restrictions on arms possession" were "animated"

by concerns about "threatened violence and the risk of public injury." *Kanter v. Barr*, 919 F.3d 437, 451, 456 (7th Cir. 2019), *abrogated by Bruen*, 142 S. Ct. 2111 (Barrett, J., dissenting) ("History is consistent with common sense: it demonstrates that legislatures have the power to prohibit dangerous people from possessing guns.")  Late-18th-century and early-19th-century statutes "prohibit[ed] bearing arms in a way that spread[] 'fear' or 'terror' among the people." *Bruen*, 142 S. Ct. at 2144-45.  *Bruen* itself refers to the right of "law-abiding, responsible citizens" to use arms for self-defense. *Bruen*, 142 S. Ct. at 2131.

As per *Bruen's* direction, the Magistrate Judge considered the "comparable burden" and "comparable justification" of § 922(g)(9) in relation to historical regulations, (Doc. 36 at 13-19), and his analysis is sound. *Bruen*, 142 S. Ct. at 2123-33.  Section 922(g)(9) is "relevantly similar" to our nation's historical tradition of disarming groups of persons deemed to pose a threat of violence to others and to the community. *Id*. at 2132 ("[A]nalogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*.  So even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster.").

In conclusion, the Court observes that *Bruen*'s methodology – which requires district courts on any given day to explore and discern competing historical narratives on English law and custom, the history of the Colonies and early Republic, and 18th- and 19th-century law, on a quest for historical analogues to modern regulation – is difficult to apply as a practical matter. The inexorable result of such a methodology will likely be, in this and other cases, an analytical product consisting of the best guesswork of a judge-turned-amateur-historian as to the meaning of the historical record. *Bruen* accordingly has splintered the lower courts in many respects.[2]

That said, *Bruen* has not (or at least, has not yet) splintered the courts as to the issue presented by Mr. Jones. On the contrary, there appears to be post-*Bruen* consensus that restrictions on the possession of firearms by persons convicted of domestic violence misdemeanors are consistent with the nation's historical tradition of firearm regulation. *See, e.g., United States v. Ryno*, No.

---

[2] *See, e.g.*, Brief of Second Amendment Law Scholars as Amici Curiae, *United States v. Rahimi*, No. 22-915, 2023 WL 5489050, at *4-5 (Aug. 21, 2023) (observing that "courts applying *Bruen's* methodology have come to conflicting conclusions on virtually every consequential Second Amendment issue to come before them" and listing examples of divergence in case law as to: laws restricting firearm possession by users of controlled substances; laws prohibiting assault weapons; laws prohibiting high-capacity magazines; and law restricting persons with felony convictions from firearm possession).

3:22-CR-00045-JMK, 2023 WL 3736420 (D. Alaska May 31, 2023); *United States v. Bernard*, No. 22-CR-03 CJW-MAR, 2022 WL 17416681, at \*8 (N.D. Iowa Dec. 5, 2022); *United States v. Anderson*, No. 2:21CR00013, 2022 WL 10208253, at \*1 (W.D. Va. Oct. 17, 2022); *United States v. Nutter*, 624 F. Supp. 3d 636, 645 (S.D.W. Va. 2022).  The Report and Recommendation lists other cases to the same effect.[3]

Mr. Jones's motion to dismiss the indictment is foreclosed by *White*. Even if it is not so foreclosed, § 922(g)(9) is not unconstitutional under *Bruen*.

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, (Doc. 36). Mr. Jones's motion to dismiss the indictment, (Doc. 30), is **DENIED**.

---

[3] Mr. Jones points the Court to *United States v. Rahimi*, 61 F.4th 443 (5th Cir.), *cert. granted*, 143 S. Ct. 2688 (2023), but it is distinguishable.  Mr. Rahimi, facing prosecution for violation of § 922(g)(8), was subject to a civil, domestic violence restraining order, and was not otherwise subject to any longstanding prohibition on the possession of firearms.  61 F. 4th at 452.  Per the Fifth Circuit, the "strong presumption" that Mr. Rahimi remained among "the people" protected by the Second Amendment therefore held.  *Id*.  The Fifth Circuit further found no viable historical analogue for the deprivation of the Second Amendment right in the context of a person subject to a *civil*, domestic violence restraining order.  *Id*. at 459-61.  The facts in *Rahimi* differ from the instant case, in that Mr. Jones is charged under § 922(g)(9) and is alleged to have two, prior domestic violence convictions.

**SO ORDERED** this 30th day of November, 2023.

_____
SARAH E. GERAGHTY
United States District Judge